UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONGREGATION RADIN DEVELOPMENT INC., et al.,

                  Plaintiffs,

-against-

YOM T. HENIG, et al.,

                  Defendants.

**MEMORANDUM**
**OPINION AND ORDER**

21-CV-08691 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Congregation Radin Development Inc. ("CRDI"), Aaron D. Gewirtzman, Bent Philipson, Daniel Rosenblum, Joseph Grunwald, Mark Blisko, Shimon Zaks, and Rabbi Mayer Zaks ("Rabbi Mayer," and collectively, "Plaintiffs") seek leave to file an interlocutory appeal to this Court challenging an order of the U.S. Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), which denied Plaintiffs' motion to remand this action to state court or abstain from hearing it.

As Plaintiffs fail to satisfy the standard for obtaining such leave, their motion is DENIED.

## BACKGROUND

On June 8, 2021, Plaintiffs commenced a state court action captioned *Congregation Radin Dev. Inc., et al. v. Yom T. Henig, et al.*, Index No. 33145/2021 (Sup. Ct. 2021) ("State Court Action"). Plaintiffs, in that proceeding, sought a declaratory judgment that they constitute the legitimate trustees, board, officers, and governance of CRDI as determined at an alleged meeting held by CRDI's members on May 25, 2021—the day after the Bankruptcy Court enjoined Rabbi Mayer from, *inter alia*, entering CRDI's property without permission. Yom T. Henig, Samuel Markowitz, Steven Green, Daniel Green, and Yehuda Bluminfeld (collectively, "Defendants") removed the State Court Action to this Court on June 11, 2021, and this Court referred it to the

Bankruptcy Court, where it became Adversary Proceeding No. 21-07030 ("Adversary Proceeding").[1]

On June 23, 2021, Plaintiffs moved the Bankruptcy Court to remand the proceeding back to state court or abstain from hearing it. (Adv. Proc., Doc. 4). The Bankruptcy Court issued an order on October 4, 2021 ("Order") denying Plaintiffs' motion "with leave to renew, should Plaintiffs wish to do so, upon the final determination or withdrawal of any and all pending appeals taken from [the Bankruptcy] Court's final determinations in any adversary proceedings related to this Chapter 11 case No. 12-23616." (Adv. Proc., Doc. 31).

On October 22, 2021, Plaintiffs filed a notice of appeal from the Order. (Doc. 1). Because the Order was not a final order, Plaintiffs also filed a motion for leave to appeal under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004. (Doc. 4).[2] On November 15, 2021, Defendants filed a cross-motion to strike Plaintiffs' notice of appeal. (Doc. 11). Also on November 15, 2021, Defendants filed a memorandum of law in opposition to Plaintiffs' motion for leave to appeal and in support of their cross-motion to strike the notice of appeal. (Doc. 12, "Def. Br."). On November 29, 2021, the motions were fully submitted with Plaintiffs' filing of: (1) a memorandum of law in opposition to Defendants' cross-motion to strike the notice of appeal and in further support of their motion for leave to appeal (Doc. 13); and (2) a supplemental declaration from Plaintiffs' attorney, Robert A. Spolzino (Doc. 14).

**STANDARD OF REVIEW**

"Under Section 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). "'In

---

[1] References to the Adversary Proceeding docket are cited as "Adv. Proc., Doc. __."

[2] Plaintiffs' motion for leave to appeal annexed a memorandum of law, a declaration by their attorney, Robert A. Spolzino, and several exhibits.

determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court.'" *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012) (quoting *Traversa v. Educ. Credit Mgmt. Corp.*, 386 B.R. 386, 388 (Bankr. D. Conn. 2008)); *see also In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 73 (S.D.N.Y. 2007) ("To determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b).").

"Thus, in deciding whether to grant leave to appeal from an interlocutory bankruptcy court order, a district court should consider whether: (1) 'such order involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *In re Futter Lumber Corp.*, 473 B.R. at 26 (quoting 28 U.S.C. § 1292(b)). A district court will not grant leave to appeal unless all three of the Section 1292(b) requirements are met. *Id.* at 26-27.

Judge Stein, in *In re Alexander*, elaborated on the Section 1292(b) standard as follows:

> First, an order pertains to a controlling question of law if "either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." *North Fork Bank v. Abelson*, 207 B.R. 382, 389-90 (E.D.N.Y. 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24 (2d Cir. 1990)). Second, for there to be "substantial grounds for difference of opinion," the issue "must involve more than strong disagreement between the parties," although this prong will be satisfied if the issue is "'difficult and of first impression.'" *Id.* at 390 (quoting *Klinghoffer*, 921 F.2d at 25). Finally, the appeal must "materially advance the ultimate termination of the litigation," and "exceptional circumstances" must warrant immediate review. *Id.* at 391.

248 B.R. 478, 483 (S.D.N.Y. 2000).

Interlocutory appeals permitted under Section 1292(b) are "disfavored," *In re Enron Corp.*, No. 01-CV-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006), and the Second Circuit has emphasized that "the district court's power to grant an interlocutory appeal should not be 'liberally construed.'" *In re Worldcom, Inc.*, Nos. 02-CV-13533, 04-CV-04338, 2006 WL 3592954, at *2 (S.D.N.Y. Dec. 7, 2006) (citing *Klinghoffer*, 921 F.2d at 24-25). The party seeking an interlocutory appeal has the burden of showing "exceptional circumstances" to "overcome the general aversion to piecemeal litigation" and "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer*, 921 F.2d at 24.

Even when all three Section 1292(b) criteria are met, a district court retains "unfettered discretion" to deny leave to appeal for "any reason," including judicial economy. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (quoting *Klinghoffer*, 921 F.2d at 24).

## ANALYSIS

Plaintiffs move this Court for leave to appeal to consider: (1) whether the Bankruptcy Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1334; and (2) whether, even if the Bankruptcy Court has subject matter jurisdiction, it is required by 28 U.S.C. § 1334(c)(2) to abstain from exercising that jurisdiction, or should abstain under 28 U.S.C. § 1334(c)(1). Plaintiffs' motion is denied for the following reasons.

While courts have held that whether a bankruptcy court has subject matter jurisdiction over a case constitutes a controlling question of law, *see, e.g.*, *In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. 181, 186 (E.D.N.Y. 2021) ("[T]he question of subject matter jurisdiction represents a controlling question of law . . . ."); *E.E.O.C. v. Loc. 40, Int'l Ass'n of Bridge, Structural &

*Ornamental Iron Workers*, No. 71-CV-02877, 1995 WL 60760, at *1 (S.D.N.Y. Feb. 14, 1995),[3] the Order from which Plaintiffs seek leave to appeal does not provide a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). "Courts will find 'substantial ground for difference of opinion' where '(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit.'" *In re Gutierrez*, No. 17-CV-12775, 2020 WL 2216557, at *2 (S.D.N.Y. May 7, 2020) (quoting *In re Coudert Bros. LLP L. Firm Adversary Proc.*, 447 B.R. 706, 712 (S.D.N.Y. 2011)). "[S]trong disagreement between the parties," without more, is insufficient. *In re Alexander*, 248 B.R. at 483.

The Bankruptcy Court's decision that it possessed subject matter jurisdiction over—and that it need not and should not abstain from exercising jurisdiction over—the Adversary Proceeding rests on settled precedent holding that bankruptcy courts retain jurisdiction to interpret and enforce their own orders. *See, e.g.*, *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders . . . ."); *In re Aramid Ent. Fund, LLC*, 628 B.R. 584, 596-600 (Bankr. S.D.N.Y. 2021); *In re Tronox*, 603 B.R. 712, 719-20, 725-27 (Bankr. S.D.N.Y. 2019); *In re Frontier Ins. Grp., LLC*, 517 B.R. 496, 504 (Bankr. S.D.N.Y. 2014).

Specifically, on May 24, 2021, the Bankruptcy Court issued an order, which, *inter alia*, enjoined Rabbi Mayer from entering CRDI's property. The Bankruptcy Court subsequently found that Rabbi Mayer flouted that order and held him in contempt. Rabbi Mayer, by initiating the State Court Action (which became the Adversary Proceeding) and placing CRDI's governance at issue, apparently seeks to upend the Bankruptcy Court's orders enjoining him from entering CRDI's

---

[3] Neither party cites, and this Court has not found, any authority indicating whether Plaintiffs' argument that the Bankruptcy Court was required to, or should have, abstained implicates a controlling question of law. This issue, however, is immaterial to the Court's decision to deny Plaintiffs' motion, because in any event, Plaintiffs fail to satisfy the other criteria necessary to warrant review of an interlocutory order.

property and holding him in contempt for doing so. Indeed, if Rabbi Mayer's claims were successful, he would be permitted to enter CRDI's property in direct contravention of those orders. (Def. Br. at 9-10). Given these implications, this action requires the Bankruptcy Court's interpretation and enforcement of those prior orders. Plaintiffs do not present any "conflicting authority" as to whether the Bankruptcy Court has jurisdiction to interpret or enforce its prior orders, including its injunction and contempt orders, nor do they demonstrate that this issue is "particularly difficult and of first impression for the Second Circuit."[4] *In re Gutierrez*, 2020 WL 2216557, at *2 (citation and internal quotation marks omitted).

Moreover, "[a] mere claim that a court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *In re Citigroup Pension Plan ERISA Litig.*, 2007 WL 1074912, at *2 (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005)). Here, while Plaintiffs quibble with the Bankruptcy Court's conclusion, they do not show how this case raises any novel or complex issues. Therefore, Plaintiffs have failed to demonstrate that a substantial ground for difference of opinion exists, which alone is sufficient to warrant denial of their motion for leave to appeal.

Further, Plaintiffs have not demonstrated that exceptional circumstances exist in this case that would warrant departure from the general rule against piecemeal appeals. Certainly, there is no showing that granting this motion would materially advance the termination of this litigation. These failures, too, warrant denial of Plaintiffs' motion. *See In re Joe's Friendly Serv. & Son, Inc.*, 628 B.R. at 189 (denying motion for leave to appeal where defendants "fail[ed] to provide any grounds for finding exceptional circumstances").

---

[4] Although the Court need not determine on this motion whether the Bankruptcy Court has subject matter jurisdiction over the Adversary Proceeding, it is worth noting that the extensive precedent cited by Defendants on this issue strongly supports the Bankruptcy Court's conclusion that it has subject matter jurisdiction.

Having concluded that (1) no substantial grounds for a difference of opinion exist, (2) granting this motion would not materially advance the termination of this litigation, and (3) this case is not exceptional, Plaintiffs have failed to satisfy the Section 1292(b) criteria.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to appeal is DENIED and their appeal is DISMISSED.[5]

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 4 and Doc. 11 and close this case.

**SO ORDERED:**

Dated:  White Plains, New York
        March 30, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[5] To the extent Defendants move to strike Plaintiffs' notice of appeal, on some unstated basis, that motion is denied as moot by operation of this Court's dismissal of the appeal.